**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

JAMES W. WEDGEWORTH,                                           PETITIONER
ADC #136952,

v.                                   5:13CV00138-DPM-JJV

RAY HOBBS, Director,
Arkansas Department of Correction                             RESPONDENT

<u>**PROPOSED FINDINGS AND RECOMMENDATIONS**</u>

<u>**INSTRUCTIONS**</u>

The following recommended disposition has been sent to  United States District Judge D. P. Marshall Jr.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.   The copy will be furnished to the opposing party.   Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.        Why the record made before the Magistrate Judge is inadequate.

2.        Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.        The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

## I.    BACKGROUND

After meeting at Norphlet United Pentecostal Church, Petitioner, James Wedgeworth, and Megan Harbison began a love affair.  Both were still married at the time.  According to trial testimony, they planned to divorce their spouses and be together, but after their respective marriages ended, Ms. Harbison repented and ended the relationship with Mr. Wedgeworth. (Doc. No. 14.)  Mr. Wedgeworth harassed, stalked and threatened Ms. Harbison for several months after their relationship ended, culminating on the night of July 16, 2005, when he broke into her El Dorado apartment and killed her with a twenty gauge shotgun. (*Id.*) Ms. Harbiston's eleven-year-old daughter found her mother's body and called 911.

Mr. Wedgeworth was convicted of capital murder on August 17, 2006, in the Union County Circuit Court.  On appeal, his conviction was reversed and remanded.  *See Wedgeworth v. State,* 374 Ark. 373, 288 S.W. 3d 234 (2008).  On retrial, Wedgeworth admitted that he shot and killed Megan Harbison in the chest with a shotgun.  He claimed that, at the time of the shooting, he was psychotic and therefore not guilty by reason of mental defect. The jury rejected his defense, and found him guilty of capital murder.  The State waived the death penalty, and Mr. Wedgeworth was sentenced

to life imprisonment without the possibility of parole. (Doc. No. 14.) *See also Wedgeworth v. State*, 2012 Ark. 63 (2012).

On appeal, Mr. Wedgeworth raised the following three claims: "(1) the circuit court erred in overruling a hearsay objection when the victim's father testified that the victim came to him for help because 'there were threats against her life'; (2) the circuit court erred in admitting the victim's writings contained in a spiral notebook because the entries constituted hearsay as unsworn, out-of-court statements; (3) relying on *Wicks v. State,* 270 Ark. 781, 606 S.W. 2d 366 (1980), Wedgeworth asserts that, although he did not object, the circuit court committed fundamental error in admitting photographs that were gruesome and introduced solely to inflame the jury." *Wedgeworth v. State*, 2012 Ark. 63 (2012). The Arkansas Supreme Court, finding no reversible error, affirmed Mr. Wedgeworth's conviction and sentence. *Id.*

Mr. Wedgeworth subsequently filed a *pro se* petition for postconviction relief under Rule 37 of the Arkansas Rules of Criminal Procedure.  (Doc. No. 14-5.) He raised several claims - all relating to ineffective assistance of trial counsel.  The trial court found that Mr. Wedgeworth's allegations failed to rise to the level of ineffective assistance of counsel as established in *Strickland v. Washington*, 466 U.S. 668 (1984), and denied his petition in a written order dated July 10, 2012. (*Id.* at 58.)  Mr. Wedgeworth filed a notice of appeal, lodged the record with the Arkansas Supreme Court Clerk's Office, and then filed a motion for an extension of time to file his opening brief. (*Id.* at 59.)  The Arkansas Supreme Court, in a Per Curium decision, dismissed his appeal and denied the motion as moot, ruling that it was clear from the record that Mr. Wedgeworth could not prevail on appeal if the appeal were permitted to go forward.  *Wedgeworth v. Arkansas,* 2013 Ark. 119 at 1. In its decision, the state's highest court correctly applied the two-prong standard set forth by the United States Supreme Court in *Strickland*. *Id.* at 2.

Mr. Wedgeworth timely filed the instant Petition on May 6, 2013, raising several claims all alleging the ineffective assistance of trial counsel. (Doc. No. 2.) The Respondent has responded, and the case in now ripe for review. For the following reasons, the Court finds Mr. Wedgeworth's Petition (Doc. No. 2) should be DISMISSED with prejudice.

## II.   ANALYSIS

In his federal habeas Petition, Mr. Wedgeworth claims, much like he did in his Rule 37 petition, that his defense counsel rendered ineffective assistance of counsel for failure to: (1) petition the court to appoint a mental-health expert whose testimony would have been sufficient to persuade the jury to accept his defense of mental disease or defect; (2) move for a change of venue; (3) file a motion in limine to exclude the 911 call of the victim's daughter after she found her mother's body; (4) raise and preserve for appellate review his "affirmative defense of competency"; (5) secure a ruling from the trial court on a Confrontation Clause objection he made during the testimony of Mr. Dupree; (6) move to dismiss the State's charge of felony capital murder on the basis that the predicate felony was not proven; and (7) mitigate with the prosecution for a lesser sentence. (Doc. No. 2 at 3-6.)

"In the interests of finality and federalism," federal habeas courts, under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), are restricted to a "limited and deferential review of underlying state court decisions." *Sera v. Norris*, 400 F.3d 538, 542 (8th Cir. 2005); *Ryan v. Clarke*, 387 F.3d 785, 790 (8th Cir. 2004).  Under the AEDPA, federal review of underlying state court decisions are limited because federal courts may only grant habeas relief if the claim was adjudicated on the merits in the state court proceeding and the state court's decision:

(1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d); see also *Rompilla v. Beard*, 545 U.S. 374, 380 (2005). The federal law must be clearly established at the time the petitioner's state conviction became final, and the source of doctrine for such law is limited to the United States Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 380-83 (2000).

Under subsection (d)(1), a state court decision is "contrary to" federal law if the state court arrived "at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than the [United States Supreme] Court has on a set of materially indistinguishable facts." *Williams*, 529 U.S. at 412-13; *see also Collier v. Norris*, 485 F.3d 415, 421 (8th Cir. 2007). A decision involves an unreasonable application of federal law when the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 529 U.S. at 413.

Under subsection (d)(2), a state court decision will be based on an "unreasonable determination of the facts in light of the evidence presented . . . only if it is shown by clear and convincing evidence that the state court's presumptively correct factual findings do not enjoy support in the record." *Lomholt v. Iowa*, 327 F.3d 748, 752 (8th Cir. 2003). Such is not the case here. The Arkansas Supreme Court reasonably adjudicated Mr. Wedgeworth's claims of ineffective assistance of counsel.

When reviewing an underlying state court's decision on the merits of an inmate's claims, a federal court will "undertake only a limited and deferential review." *Worthington v. Roper*, 631 F.3d 487, 495 (8th Cir. 2011). In cases where the petitioner challenges a state court's adjudication on the

merits, federal habeas relief will not be granted unless the state court decision "was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States[,] or was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).

All of Mr. Wedgeworth's claims - except for claims involving the Confrontation Clause - have been adjudicated by the Arkansas Supreme Court.  And the Arkansas Supreme Court's holdings were not contrary to, or an unreasonable application of *Strickland v. Washington*, 466 U.S. 668 (1984).

*Strickland* establishes a two-element test for ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.  Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

*Strickland,* 466 U.S. at 687.

Under the two-prong *Strickland* test, a petitioner raising a claim of ineffective assistance of counsel must first show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the petitioner by the Sixth Amendment to the United States Constitution. *Strickland,* 466 U.S. at 688.  As the Arkansas Supreme Court found, this Court concludes Mr. Wedgeworth fails to make such a showing.  "The burden is entirely on the petitioner in a Rule 37.1 proceeding to provide facts that affirmatively support the claims of prejudice.  Neither conclusory statements nor allegations without factual substantiation are sufficient to overcome the presumption that was effective, nor do they warrant granting postconviction relief. We have repeatedly held that

6

conclusory claims are insufficient to sustain a claim of ineffective assistance of counsel." *Wedgeworth,* 2013 Ark. 119, at 3-4.

Likewise is the case with Mr. Wedgeworth's claim that his counsel was deficient for failing to establish that prejudice arising from pretrial publicity denied him a fair trial. The Arkansas Supreme Court stated:

> The only "publicity" to which [Wedgeworth] referred is that the victim's father was a minister with a large congregation. While a defendant's right to a fair trial may be violated if pretrial publicity is such than an impartial jury cannot be empaneled, [Wedgeworth] offered no facts concerning the publicity surrounding his legal proceeding that demonstrated that the publicity was of an extreme nature or that the vior dire of the jury was insufficient to produce an unbiased jury. As a result, [Wedgeworth] did not demonstrate that counsel was somehow ineffective in dealing with the publicity occasioned by his being charged with the offense.

*Id.* at 4-5.

After careful review of the Petition and Response, this Court concludes that the state's highest court's findings did not entail an unreasonable application of federal law on any point. In reviewing an ineffective assistance claim under the "unreasonable application" clause of § 2254(d)(1), "[t]he question 'is not whether a federal court believes the state court's determination' under the *Strickland* standard 'was incorrect but whether that determination was unreasonable – a substantially higher threshold." *Knowles v. Mirzayance,* 556 U.S. 111, 123 (2009) (quoting *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)).

The Arkansas Supreme Court reasonably applied *Strickland* to the facts of Mr. Wedgeworth's case, and properly adjudicated his claim that his trial counsel should have challenged the admissibility of the 911 tape. The Arkansas Supreme Court correctly held "[c]ounsel objected at trial to the playing of the tape, and the bare allegation that counsel was somehow remiss in the matter did not meet the *Strickland* test." *Wedgeworth,* 2013 Ark. 119, at 5. Mr. Wedgeworth repeats the

same allegation in the instant Petition, and as such, it should be denied.

Moreover, interpretation and application of state law are not subject to habeas corpus review since federal habeas corpus relief does not lie for errors of state law. *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *see also Lupien v. Clarke*, 403 F.3d 615, 619 (8th Cir. 2005) (citing *Bounds v. Delo*, 151 F.3d 1116, 1118 (8th Cir. 1998) ("Determinations of state law made by a state court are binding on a federal court in habeas proceedings.")  Thus, questions of state law that have been decided by a state court are simply not reviewable, "even under the deferential standard of 28 U.S.C. § 2254(d)." *Lupien v. Clarke*, 403 F.3d 615, 619 (8th Cir. 2005) (quoting *Lee v. Gammon*, 222 F.3d 441, 443 (8th Cir. 2000)).  Of course, a factual issue would be susceptible to limited review by the habeas court. *See* 28 U.S.C. § 2254(e)(1).[1]  However, it is not the duty of the federal habeas court to "reexamine state-court determinations on state-law questions." *Lupien, 403 F. 3d at 619.*.  A federal court conducting a habeas review "is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Id*. (quoting *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991)).

With regard to his Confrontation Clause claim, Petitioner believes that hearsay testimony[2] was improperly admitted at trial and, although objecting on the basis of hearsay, counsel failed to also object on Sixth Amendment grounds and failed to preserve the argument for appeal.  The Arkansas Supreme Court refused to consider the Confrontation Clause claim on direct appeal,

---

[1]State court factual findings are "presumed to be correct," and this presumption can be rebutted only by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

[2]During Mr. Wedgeworth's trial, Nathan Dupree, the victim's father, testified that Megan called him on June 17, 2005, and asked to meet with him and her mother after she got off work. (Doc. No. 14) Mr. Dupree testified that Megan told him that she "was seeking help to escape from. . .a situation that was bigger than she was able to deal with." (*Id.*) Mr. Dupree went on to testify that his daughter "told me that there were threats against her life."  (*Id.*)

holding that it was not preserved for appellate review. *Wedgeworth,* 2012 Ark. 63, at 3-4.

Respondent counters that this claim is procedurally defaulted. (Doc. No. 14 at 24.)  The issue was not preserved for review by the Arkansas Supreme Court and Mr. Wedgeworth did not raise this claim in his Rule 37 proceedings.   And because claims not raised on direct appeal or through his Rule 37 petition are procedurally defaulted, so is Mr. Wedgeworth's Confrontation Clause claim.

However, because Mr. Wedgeworth did not have counsel during his Rule 37 proceedings – likely satisfying the "cause" prong of the cause-and-prejudice exception to procedural default under *Martinez v. Ryan,* 132 S. Ct. 1309 (2012) – the Court will consider this issue on the merits.

On the merits, Respondent first contends that the Confrontation Clause does not apply to the statement because it was not hearsay.  *Crawford v. Washington,* 541 U.S. 36, 41 n. 9 (2004) (noting that the Confrontation Clause "does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted.") (citing *Tennessee v. Street,* 471 U.S. 409, 414 (1985)). Respondent argues that Mr. Dupree's testimony was not offered by the State to prove that Mr. Wedgeworth threatened Megan.   Rather, the testimony was used to show why "Dupree readily agreed to meet with her. The result of the call was that Dupree granted Megan's request to meet with him and her mother. The statement demonstrated the effect that it had on the listener, her father. Because it was not hearsay, the statement does not run afoul of the Confrontation Clause."  (Doc. No. 14 at 25.)  On this point, the Court disagrees.  Mr. Dupree's testimony that his daughter "told [him] that there were threats against her life" appears to be offered to prove that Wedgeworth had threatened Megan.  Therefore, given the entire testimony, the Court cannot conclude it was not inadmissable hearsay.[3]

---

[3]In addressing the admissibility of these statements, the Arkansas Supreme Court concluded the statements were admissible hearsay.  *Wedgeworth v. State*, 2012 Ark. 63, 1-2.

Nevertheless, Mr. Wedgeworth is unable to show any requisite prejudice because the error was "harmless beyond a reasonable doubt." *U.S. v. Jones*, 728 F.3d 763, 766 (8th Cir. 2013). "Whether an error is 'harmless beyond a reasonable doubt' requires considering 'the importance of the witness' testimony in the prosecution's case, whether the testimony was cumulative, the presence or absence of evidence corroborating or contradicting the testimony of the witness on material points, the extent of cross-examination otherwise permitted, and, of course, the overall strength of the prosecution's case." *Id.* (citing *Delaware v. Van Arsdall*, 475 U.S. 673, 684 (1986)). Here, Mr. Wedgeworth admitted he killed Ms. Harbison. He defended on the basis that he was psychotic. So in considering the "harmless beyond a reasonable doubt" factors, admission of hearsay testimony about threats made was clearly harmless.

The Arkansas Supreme Court followed their well established precedent in dismissing Petitioner's claims. The court's decision was not contrary to, nor involved an unreasonable application of, clearly established federal law and did not result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Therefore, his claims are without merit.

## III.   CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253 and Rule 11 of the Rules Governing Section 2554 Cases in the United States District Court, the Court must determine whether to issue a certificate of appealability in the final order. In § 2254 cases, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). The Court finds no issue on which Mr. Wedgeworth has made a substantial showing of a denial of a constitutional right. Thus, the certificate of appealability should be denied.

## IV.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.      Mr. Wedgeworth's Petition (Doc. No. 2) be DISMISSED with prejudice and the requested relief be DENIED.

2.      A certificate of appealability be denied.

DATED this day 16th of May  2014.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE